ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| EMMANUEL FUENTES ENRIQUEZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2026RA00324 | *Revisión Judicial,* procedente del Departamento de Corrección y Rehabilitación<br><br>Querella Núm.: 21125128<br><br>Sobre: Querella Disciplinaria |

Panel integrado por su presidenta, la Jueza Romero García, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de junio de 2026.

Comparece Emmanuel Fuentes Enriquez ("señor Fuentes Enriquez" o "Recurrente"), por derecho propio, mediante un recurso de revisión administrativa. Nos solicita que se le traslade a la Institución Penal Bayamón 292.

Por los fundamentos que proceden, se *desestima* el recurso, por falta de jurisdicción.

**I.**

El 15 de junio de 2026, el señor Fuentes Enriquez acudió ante nos, por derecho propio y en forma *pauperis*, mediante un *Recurso de Revi[s]ión Especial, Regla 67 – Reglamento del Tribunal Apelativo*. Expone que, el 20 de noviembre de 2025, mientras se encontraba recluido en la Institución Penal Bayamón 292, se le radicó una querella. Señala que, como resultado, fue trasladado a la Institución Penal Guayama 296. Indica que, mediante *Resolución* emitida por el Departamento de Corrección y Rehabilitación ("DCR") el 14 de diciembre de 2025, la querella en su contra fue desestimada. No obstante, manifiesta que permanece recluido en la Institución Penal Guayama 296. Por tanto, solicita que se le traslade nuevamente a la Institución Penal Bayamón 292.

Examinado el recurso, optamos por prescindir de los términos, escritos y procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 13, 215 DPR __ (2025).

## II.

### -A-

Es deber ministerial de todo tribunal, cuestionada su jurisdicción por alguna de las partes o incluso cuando no haya sido planteado por estas, examinar y evaluar con rigurosidad el asunto jurisdiccional, pues este incide directamente sobre el poder mismo para adjudicar una controversia. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 268 (2018). Por consiguiente, si un tribunal, luego de realizado el análisis, entiende que no tiene jurisdicción sobre un recurso, sólo tiene autoridad para así declararlo. De hacer dicha determinación de carencia de jurisdicción, el tribunal debe desestimar la reclamación ante sí sin entrar en sus méritos. Lo anterior, basado en la premisa de que, si un tribunal dicta sentencia sin tener jurisdicción, su decreto será jurídicamente inexistente o *ultravires. Cordero et al. v. ARPe et al.*, 187 DPR 445, 447 (2012).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, confiere facultad a este Tribunal, por iniciativa propia o a petición de parte, desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción. Regla 83 del Reglamento del Tribunal de Apelaciones, *op. cit.*, pág 109.

### -B-

Como es sabido, "[l]a apelación en nuestro sistema no es automática; presupone una notificación, un diligenciamiento y su perfeccionamiento". *Morán v. Marti*, 165 DPR 356, 367 (2005).

En lo aquí pertinente, el Reglamento del Tribunal de Apelaciones dispone que los recursos de revisión administrativa deberán presentarse dentro del término jurisdiccional de treinta (30) días, contados a partir de la fecha del

archivo en autos de la notificación de la determinación final del organismo o agencia. Regla 57 del Reglamento de Tribunal de Apelaciones, *op. cit.*, pág. 79.

Así, también, nuestro Reglamento regula todo lo relacionado al contenido de los recursos de revisión. La Regla 59 establece que el escrito deberá contener: (1) una cubierta; (2) un índice; (3) un cuerpo; y (4) un apéndice. Regla 59 del Reglamento del Tribunal de Apelaciones, *op. cit.*, págs. 81-85. De manera particular, la aludida regla especifica que el cuerpo del escrito tendrá que incluir lo siguiente:

(C) Cuerpo

(1) Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:

(a) En la comparecencia, el nombre de los recurrentes.

(b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del tribunal.

(c) **Una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión**, la cual incluirá el nombre y el número del caso administrativo, el organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el recurso de revisión.

[...]

(d) Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida.

(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.

(g) La súplica.

Por otra parte, la Regla 67 del Reglamento del Tribunal de Apelaciones, *op. cit.*, págs. 92-94, establece un mecanismo de revisión especial que permite que una persona acuda e impugne una decisión administrativa *in forma pauperis*. En específico, la referida regla dispone que una parte adversamente afectada por una resolución final de una agencia administrativa en la que se hayan agotado

todos los remedios provistos por la agencia podrá utilizar el procedimiento de revisión especial si cumple con los siguientes requisitos:

(A) Que la **orden o resolución final** del organismo o agencia administrativa objeto del recurso de revisión especial **haya adjudicado una solicitud de servicios o ayuda presentada por la persona promovente** al amparo de un programa de beneficencia social, o que haya adjudicado una controversia sobre la elegibilidad o naturaleza de los beneficios o servicios a los que la persona promovente es elegible en un programa de beneficencia social.

(B) Que a juicio del promovente la orden o resolución final le resulta adversa.

(C) Que la persona acuda al tribunal por derecho propio para impugnar dicha decisión administrativa **dentro de un término de treinta días del recibo de la orden o resolución final**.

(Énfasis suplido). *Íd.*

En reiteradas ocasiones, el Tribunal Supremo ha manifestado que las normas sobre el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *García Ramis v. Serrallés*, 171 DPR 250 (2007), *Arriaga v. F.S.E.*, 145 DPR 122 (1998). Sobre el particular, nuestra más alta Curia ha expresado que:

El apelante tiene, por lo tanto, la obligación de perfeccionar su recurso según lo exige la ley y el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. Si no se perfecciona un recurso dentro del término jurisdiccional provisto para ello, el foro apelativo no adquiere jurisdicción para entender en el recurso presentado.

*Morán v. Marti, supra*, pág. 367.

**Las partes que comparecen por derecho propio no están exentas del cumplimiento de estas normas, puesto que el carácter de su comparecencia, por sí sola, no justifica el incumplimiento con las reglas procesales.** (Énfasis suplido). *Febles v. Romar*, 159 DPR 714, 722 (2003).

### III.

En el recurso que nos ocupa, la parte recurrente nos solicita que ordenemos su traslado a la Institución Penal Bayamón 292. No obstante, no surge del expediente o de lo manifestado por el señor Fuentes Enriquez que dicha petición haya sido presentada ante el DCR. Como resultado, al momento, no existe una orden o resolución final revisable. Por tanto, no ostentamos jurisdicción para atender el presente recurso de revisión administrativa.

El reclamo deberá ser presentado ante el DCR, ya que es a dicha agencia a quien le compete, en un primer plano, atender la petición del recurrente. En caso de estar inconforme con lo que eventualmente resuelva el DCR, la parte recurrente tendrá un término de treinta (30) días, contados a partir de la notificación de la orden o resolución final, para presentar el correspondiente recurso de revisión administrativa.

**IV.**

Por los fundamentos que anteceden, se *desestima* el recurso, por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones